IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRANDON T. BEYERLIN**, | Case No. 6:15-cv-1434-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ANDREW M. SAUL**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On July 31, 2018, the Court remanded this case for further proceedings based on the holding by the United States Court of Appeals for the Ninth Circuit. On May 12, 2020, the Court granted Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $10,730.66.

Plaintiff's counsel now moves for net attorney's fees of $15,190.94 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel moves for gross attorney's fees of $25,921.60, but counsel requests that the Commissioner subtract the $10,730.66 in EAJA fees from the award before sending the payment to counsel. Plaintiff's retroactive benefits totaled approximately $103,686, so the requested gross fee award equals 25 percent of Plaintiff's retroactive benefits.

Defendant objects to the requested fees. Defendant objects that the fee request is untimely because it was filed four days after the deadline established by Local Rule 4000-8. Defendant also objects to the amount in fees as resulting in a windfall because Plaintiff's counsel requested two one-month extensions in briefing before the Ninth Circuit and because counsel did not actively litigate while the case was pending before the Ninth Circuit. Finally, Defendant objects to the text proposed by Plaintiff because Defendant argues that fees are not "awarded" to an attorney but are "allowed" under the statute, and that the Court cannot order the Commissioner to pay fees to an attorney but merely that fees are allowed to be withheld out of benefits. For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney's fee is paid by the claimant out of the past-due benefits; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may

PAGE 2 – ORDER

be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

### A. Timeliness

Local Rule 4000-8 provides:

> Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable. An application submitted beyond the 60-day period will be deemed timely only upon a showing of good cause for the delay. Any application for attorneys' fees under 42 U.S.C. § 406(b) shall be submitted together with a copy of the Notice(s) of Award.

Plaintiff's counsel's application was submitted four days after the 60-day period. Thus, pursuant to Local Rule 4000-8, the Court may deem the application timely upon a showing of good cause.

Plaintiff's counsel explains that the primary litigator on this case retired from the practice of law. Moreover, complications caused by staff and attorneys working from home due to the Covid 19 pandemic made certain information more difficult to obtain and deadlines more

difficult to track. The Court finds that Plaintiff's counsel has shown good cause for the four-day delay and the Court deems the application timely.

**B. Merits**

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 29-3. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $103,686 in back benefits, so the requested net attorney's fee of $15,190.94 plus $10,730.66 in fees awarded under EAJA equals the 25 percent statutory maximum and the amount agreed upon in Plaintiff's contingency fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a remand for further proceedings on appeal to the Ninth Circuit), the representation of Plaintiff was professional, and there was no significant delay attributable to Plaintiff's counsel. The two one-month extensions before the Ninth Circuit are not excessive and do not warrant a decrease in attorney's fees.

The primary issue disputed by Defendant is whether Plaintiff's counsel will receive a windfall. Plaintiff's counsel submitted time records showing 55.2 hours spent litigating this case in federal court. This results in an hourly rate of $469.59. Defendant argues that counsel will receive a windfall because counsel did not actively litigate for the year the case was pending before the Ninth Circuit, but counsel offers no authority for the proposition that counsel must engage in billable work at all times to avoid particular months being deducted or considered windfall compensation. As instructed by the Supreme Court and Ninth Circuit, courts use lodestar calculations as an aid to cross check whether the 25 percent (or other percentage) contractual compensation is too high. A court compares the total compensation to the total hours

PAGE 4 – ORDER

worked to calculate an effective hourly rate. Defendant offers no authority that a court should review billable hours and somehow deduct for any months in which hours were not billed. Such an interpretation is rejected. Counsel's effective hourly rate of $469.59 is not unreasonable. Moreover, the Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84). The Court finds that no downward adjustment is necessary in this case.

The Court also overrules Defendant's objection to using terminology such as "award" and that the Commissioner must "pay" fees to an attorney. The Court notes that the Ninth Circuit uses, and has even mandated, such terms. *See, e.g. Crawford*, 586 F.3d at 1150, ("The fees awarded ranged from 6.68% to 11.61% of the past-due benefits awarded."); *id.* at 1153 ("We VACATE the district courts' orders and REMAND with instructions to order the SSA to pay the attorneys the fees they requested, less fees already paid under the EAJA, and to release the balance of the withheld past-due benefits to the claimants.").

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 29) is GRANTED. Plaintiff's counsel is entitled to attorney's fees in the gross amount of $25,921.60. The Commissioner shall subtract the $10,730.66 counsel already received under EAJA, leaving $15,190.94 to be paid to Plaintiff's counsel. The Commissioner is directed to issue Plaintiff's attorney a section 406(b) check in the amount of $15,190.94, less any applicable administrative assessment as allowed by statute, to HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, OR 97401. Any amount of past-due benefits that was

withheld and is remaining after all administrative and attorney's fees are paid shall be released to Plaintiff.

**IT IS SO ORDERED.**

DATED this 1st day of June, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge